

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00331-CV

_____

MELANIE KAY GILLESPIE AND ALL OTHER OCCUPANTS, Appellant

V.

RICHARD ERKER, Appellee

On Appeal from County Court at Law No. 2
Parker County, Texas
Trial Court No. CA-20-006

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Melanie Kay Gillespie appeals from an unfavorable judgment in a forcible detainer action. Appellee Richard Erker filed a motion to dismiss the appeal as moot. We grant the motion and dismiss the appeal.

In 2005, Appellant conveyed her interest in 299 Bell Place Road in Springtown, Texas (the Property) to her ex-husband (the Decedent). When the Decedent died intestate in 2011, title to the Property passed to the Decedent's children. Appellant administered the Decedent's estate and was granted a right to occupy the Property as guardian for two of the children who were still minors. It is undisputed that when that right expired in July 2015, Appellant continued to live on the Property.

As of March 2020, Appellee had acquired the Property from the Decedent's children. Appellee filed this forcible detainer action to have Appellant evicted. The justice court rendered a judgment of possession in Appellee's favor, and Appellant appealed to the trial court. After a trial de novo, the trial court rendered a judgment of possession for Appellee.

Appellant appealed to this court. But meanwhile, Appellant did not timely file a supersedeas bond, and her motion to suspend enforcement was denied. The trial court issued a writ of possession, which was enforced on October 22, 2020, evicting Appellant from the Property.

Appellee filed a motion to dismiss the appeal as moot. A case becomes moot when there ceases to be a justiciable controversy between the parties. *State ex rel. Best*

*v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). The only issue in a forcible-detainer action is the right to actual possession of the property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Ratliff v. Homes by Ashley, Inc.*, No. 02-20-00014-CV, 2020 WL 1057320, at *1 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op.). "A forcible-detainer appeal thus becomes moot upon an appellant's eviction from the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or unless damages or attorney's fees remain at issue." *Ratliff*, 2020 WL 1057320, at *1.

Because Appellant was evicted from the Property, we requested a response to Appellee's motion to dismiss. In answer, Appellant submitted a package containing 120 pages of miscellaneous documents, none of which related to the present right of possession or any other issue that might save her appeal from being moot.[1]

---

[1]The documents included:

- Correspondence between Appellant and this court, legal aid, the attorney general's child support division, and her own attorneys;
- Account statements concerning Appellant's outstanding property taxes and her notes concerning the amounts she paid in taxes;
- Account statements and letters through which Appellant's attorney demanded payment for work in connection with settling the Decedent's estate, along with Appellant's receipts for amounts that she paid her attorney;
- Several photographs of the interior of a house (presumably the Property);
- A photocopied section of Dorsaneo's Texas Litigation Guide on which Appellant had made handwritten notations in an attempt to draft a petition for purposes of suing Appellee; and
- Other assorted documents unrelated to Appellee's motion to dismiss.

Appellant has not shown that she holds and is asserting a meritorious claim as to possession of the Property, and the trial court did not award damages or attorney's fees to Appellee. "Because no present controversy exists between the parties, we dismiss the appeal as moot." *Wilson v. Bluffs at Paradise Creek*, No. 02-14-00196-CV, 2015 WL 9598921, at *1 (Tex. App.—Fort Worth Dec. 31, 2015, pet. dism'd w.o.j.) (per curiam) (mem. op.); *see* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Wade Birdwell
Wade Birdwell
Justice

Delivered:  February 25, 2021